# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RAK TRADEMARKS, LLC,**<br>2540 Kipling Street<br>Lakewood, CO  80215<br><br>         Plaintiff,<br><br>v.<br><br>**COMFORT DENTAL MASON, LLC,**<br>6408 Thornberry Court, Suite 120<br>Mason, OH  45040<br><br>and<br><br>**HAMID REZA MADANI, DMD,**<br>6408 Thornberry Court, Suite 120<br>Mason, OH  45040<br><br>         Defendants. | Case No.: _____<br><br>Judge _____<br><br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RAK Trademarks, LLC ("Plaintiff" or "RAK"), for its complaint against Defendants Comfort Dental Mason, LLC and Dr. Hamid Reza Madani (collectively "Defendants"), alleges as follows:

**I.      NATURE OF ACTION**

1.      This is an action under the federal Lanham Act for infringement of federally registered trademarks (15 U.S.C. § 1114) and unfair competition (15 U.S.C. § 1125), as well as for deceptive trade practices under Ohio Revised Code § 4165.01 et seq. and breach of contract as the result of willful and unauthorized use by Defendants of RAK's trademarks, as more fully described below.  Plaintiff seeks injunctive relief to stop Defendants' willful infringement, monetary remedies, reasonable attorneys' fees and other relief.

1

**II.     PARTIES**

2.      Plaintiff RAK is a Colorado limited liability company with a principal place of business of 2540 Kipling St., Lakewood, Colorado 80215.

3.      Defendant Comfort Dental Mason, LLC is a limited liability company duly organized and existing under the laws of the State of Ohio, with, on information and belief, a place of business at 6408 Thornberry Court, Suite 120, Mason, OH 45040. Comfort Dental Mason, LLC was created on October 1, 2015.

4.      Defendant Dr. Hamid Reza Madani is an Ohio resident, a licensed dentist in Ohio and, on information and belief, the principal of Comfort Dental Mason, LLC.

5.      Through the entity Comfort Dental Mason, LLC, Dr. Madani practices dentistry at the entity's office in Mason, Ohio. On information and belief, Dr. Madani has personally directed and authorized the use of the "Comfort Dental" name which infringes Plaintiff's trademarks as described below in this Complaint.

**III.    JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over Plaintiff's complaint under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338(a), as Plaintiff's Complaint involves claims arising under the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

7.      This Court has pendant, ancillary and/or supplemental jurisdiction over the state law claims asserted in this litigation pursuant to 28 U.S.C. § 1367.

8.      Defendants reside and transact business in Ohio within this judicial district. Further, Defendants' actions in using Plaintiff's registered trademarks have all been done in Ohio and within this judicial district. This Court therefore has both general and specific jurisdiction over each of the Defendants.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) as Defendants are all doing business in this judicial district and therefore may be found in this district. In addition, venue is proper because all of the events giving rise to the claims alleged herein occurred in this judicial district, the infringement occurred in this judicial district, and the harm sustained by Plaintiff has been and is incurred in this judicial district.

### IV.     GENERAL ALLEGATIONS

10. Plaintiff is the owner of a family of trademarks containing or comprising the words "Comfort Dental" for various dental related services (the "COMFORT DENTAL Marks"). The COMFORT DENTAL Marks include the following registered marks:

| Mark | Reg. No. | Services | Filing Date | Reg. Date |
|---|---|---|---|---|
| COMFORT DENTAL BRACES | 3,135,569 | Orthodontic services | 08/25/2005 | 08/29/2006 |
| COMFORT DENTAL and design | 3,421,650 | Dentistry | 04/16/2007 | 05/06/2008 |
| COMFORT DENTAL JUNIOR STARTING LINEUP | 3,504,110 | entertainment services, namely, conducting contests; Entertainment services, namely, conducting contests for children to attend professional sport games and to take the field at professional sport games | 10/29/2007 | 9/23/2008 |

| Mark | Reg. No. | Services | Filing Date | Reg. Date |
|---|---|---|---|---|
| COMFORT DENTAL GOLD PLAN | 3,560,958 | Administration of preferred provider plans in the field of dentistry | 06/09/2008 | 01/13/2009 |
| COMFORT DENTAL | 3,560,959 | Franchise services, namely, offering business management assistance in the establishment and operation of dentistry offices; Administration of preferred provider plans in the field of dentistry; Dentist services; Dentistry; Orthodontic services. | 06/09/2008 | 01/13/2009 |
| COMFORT DENTAL and design | 3,560,957 | Franchise services, namely, offering business management assistance in the establishment and operation of dentistry offices; Dental hygienist services; dentist services, dentistry; orthodontic services. | 06/09/2008 | 10/13/2009 |

| Mark | Reg. No. | Services | Filing Date | Reg. Date |
|---|---|---|---|---|
| COMFORT DENTAL and design | 1,882,660 | General dentistry services | 02/07/1994 | 03/07/1995 (cancelled 12/10/2005) |

11. With the exception of Reg. No. 1,882,660, the COMFORT DENTAL Marks are all valid, subsisting and not cancelled and, as a result, constitute prima facie evidence of the validity of the marks as well as the exclusive right to use them in nationwide commerce on or in connection with the services specified in each registration.

12. With the exception of Reg. No. 1,882,660, all of the COMFORT DENTAL marks are incontestable under Section 15 of the Lanham Act (15 U.S.C. § 1065) and as a result, constitute conclusive evidence of the validity of those marks, of the registration of those marks, of Plaintiff's ownership of those marks and of Plaintiff's exclusive nationwide right to use the marks on or in connection with the services for which they are registered (15 U.S.C. § 1115).

13. Through its licensees and sublicensees, Plaintiff has used the COMFORT DENTAL Marks since at least as early as September 30, 1991, and because of its incontestable registrations for the COMFORT DENTAL Marks Plaintiff owns prior rights over Defendants in the use of the name "Comfort Dental."

14. Licensees of the COMFORT DENTAL Marks currently offer dental services in over 100 locations in Arizona, Colorado, Kansas, Montana, Missouri, New Mexico, Ohio, Oklahoma, Texas and Washington.

15. The number of licensees of the COMFORT DENTAL marks is rapidly expanding, with such licensees currently offering dental services in eighteen different locations in Ohio. One of these locations is located in Hamilton, Ohio only fifteen miles from Defendants' dental office in Mason, Ohio. Both of these offices are located within the Greater Cincinnati region.

16. As a result of the continuous and widespread use of the COMFORT DENTAL Marks for more than thirty years, Plaintiff owns extremely valuable goodwill in these marks for its various dental services and related services.

17. Defendants operate a single dental office in Mason, Ohio under the name "Comfort Dental Mason." The office is located at 6408 Thornberry Court, Mason, Ohio 45040. Dr. Madani provides dental services at the Comfort Dental Office.

18. Defendants have had constructive notice of Plaintiff's ownership of the COMFORT DENTAL Marks since long before their date of first use of "Comfort Dental," pursuant to 15 U.S.C. § 1072.

19. Defendants are offering under the "Comfort Dental" name and mark, services that are the same or substantially similar to services offered and registered by Plaintiff under its COMFORT DENTAL Marks.

20. In connection with Defendants' dental services, Defendants operate a website under the domain name masoncomfortdental.com, which advertises Defendants' Comfort Dental business and its services. The home page of this website depicts the following advertising:



21. In early 2015, Defendant Dr. Madani contacted Plaintiff's affiliated entity, Comfort Dental Group, Inc. ("Comfort Dental Group"), to inquire whether Comfort Dental Group would be interested in purchasing Dr. Madani's dental practice due at least in part to Dr. Madani's existing use of the "Comfort Dental" name in connection with his dental practice.

22. A representative for Comfort Dental Group responded to Dr. Madani on February 5, 2015, informing Dr. Madani that Comfort Dental Group was not interested in purchasing his practice. The representative also informed Dr. Madani that his use of the "Comfort Dental" name was unauthorized and requested from Dr. Madani a plan to change his name. No response from Dr. Madani was received.

23. Approximately one year later, in early 2016, Dr. Madani sent another inquiry to Comfort Dental Group, again asking about a possible acquisition of Dr. Madani's practice. On February 18, 2016, a representative for Comfort Dental Group responded to Dr. Madani, again informing him that Comfort Dental Group was not interested in purchasing his practice. The representative further informed Dr. Madani that Comfort Dental Group was rapidly expanding its presence in Ohio and offered to provide Dr. Madani with information about how to become an authorized licensee of the COMFORT DENTAL Marks. No response from Dr. Madani was received.

24. On June 19, 2017, in preparation for the impending expansion of authorized licensees of the COMFORT DENTAL Marks into the Cincinnati metropolitan region, counsel for Comfort Dental Group and Plaintiff sent Dr. Madani a letter again informing him that his use of the "Comfort Dental" name was unauthorized and with Comfort Dental's expansion into the Cincinnati region would constitute infringement of the COMFORT DENTAL Marks. The letter further demanded that Dr. Madani cease and desist from any further use of the COMFORT DENTAL Marks or any substantially similar names and requested that Dr. Madani confirm his compliance within two weeks of the date of the letter. No response from Dr. Madani was received.

25. On July 21, 2017, Plaintiffs filed a civil action against Defendants in this court entitled *RAK Trademarks, LLC v. Comfort Dental Mason, LLC and Hamid Reza Madani, DMD*, Case No. 1: 2017-CV-00500 (S.D. Ohio) (the "First Action").

26. While the First Action was pending, Plaintiffs and Defendants entered into a Settlement Agreement. Dr. Madani signed the Settlement Agreement on behalf of himself and Comfort Dental Mason LLC. A true and correct copy of the Settlement Agreement signed by Dr. Madani is attached as **Exhibit A** to this Complaint.

8

27. After Defendants' execution of the Settlement Agreement, Plaintiff filed a stipulation of dismissal of the First Action without prejudice.

28. Under Paragraph 1 of the Settlement Agreement, by no later than May 1, 2018, Defendants were required to cease all use of the Comfort Dental Name (as defined in the Settlement Agreement) and "any other name including the word 'comfort' or any 'comfort-' variant word … and any other word, name, symbol or device (or any combination thereof) that is confusingly similar to or a colorable imitation of the COMFORT DENTAL Marks in connection with any dental related services or dental related goods." Settlement Agreement.

29. Defendants breached their obligations under Paragraph 1 of the Settlement Agreement as they currently use "Comfort Dental Mason" as a trade name in their advertising including on their website, social media, and other outlets. For example, Defendants currently use "Comfort Dental" as an alias for advertising on Facebook (https://m.facebook.com/comfortdentalmason/?ref=page_internal&mt_nav=0) and "Comfort Dental Mason" on Yelp which they have claimed (https://www.yelp.com/biz/comfort-dental-mason).

30. Under Paragraph 2 of the Settlement Agreement, Defendants were required to provide Plaintiff with written certification of compliance with their obligations under Paragraph 1.

31. Defendants breached their obligations under Paragraph 2 of the Settlement Agreement.

32. Under Paragraph 5 of the Settlement Agreement, Defendants were prohibited from using the name "Comfort Dental" either as a trade name or as a mark in connection with the offering of any goods or services.

33. Defendants breached their obligations under Paragraph 5 of the Settlement Agreement, as explained above in Paragraph 28.

34. By letter dated February 25, 2022, Plaintiff through its counsel provided notice of these material breaches of the Settlement Agreement to Defendants and terminated the Settlement Agreement. A true and correct copy of this letter is attached as **Exhibit B** to this Complaint.

35. In its February 25, 2022 letter, Plaintiff demanded that Defendants immediately cease all use of the COMFORT DENTAL mark in connection with their business. Plaintiff further advised Defendants that it would refrain from filing a lawsuit for fourteen days to provide Defendants with an opportunity to comply.

36. Defendants failed to comply with Plaintiff's demand thus necessitating the filing of this action.

37. Despite having knowledge of Plaintiff's use of and rights in its COMFORT DENTAL Marks and despite its obligation to cease use of the COMFORT DENTAL mark under the Settlement Agreement, Defendants continue to use the "Comfort Dental" name and mark for services in competition with Plaintiff.

38. Defendants' use of the "Comfort Dental" name and mark and the masoncomfortdental.com domain name is without authorization of Plaintiff.

39. Defendants' continued unauthorized use of the "Comfort Dental" name has caused and is continuing to cause irreparable harm to the goodwill of Plaintiff's COMFORT DENTAL Marks, the ability of those marks to serve as source indicators for the services offered under them, and Plaintiff's ability to control the use of these marks so that they may function as source identifiers.

40. Recently a number of patients of Dr. Madani have expressed actual confusion to Plaintiff's licensees in Hamilton, Ohio and Xenia, OH about Dr. Madani's affiliation with "Comfort Dental," the sources of Plaintiff's licensee's services. Many of these patients have also complained about the quality of Dr. Madani's services. These complaints are consistent with many published complaints about the quality of Dr. Madani's services as recorded in Google reviews, Yelp reviews, Facebook reviews, and elsewhere.

41. For example, there are 16 reviews of "Mason Comfort Dental" on Google with an average rating of 2.2 (on a scale of 1 to 5). Many of these reviews refer to rude and unprofessional conduct by Dr. Madani. Ten reviews on Yelp are consistent. The average review of "Comfort Dental Mason: Hamid Madani, DMD" is two stars out of five. Many of the reviews disturbingly reference rude and unprofessional conduct by Dr. Madani.

42. Based on the published reports of rude and unprofessional conduct by Dr. Madani, confusion by consumers concerning Defendants' association or affiliation with Plaintiff's licensees' Comfort Dental business represented by the COMFORT DENTAL Marks irreparably tarnishes the reputation and goodwill represented by the COMFORT DENTAL Marks.

43. Defendants' unauthorized use of the "Comfort Dental" name is also unjustly increasing the profits of Defendants' dental business to the detriment of Plaintiff and at no cost to Defendants.

**V.    FIRST COUNT: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

44. Plaintiff restates and realleges the allegations of paragraphs 1 through 43.

45. Plaintiff is the owner of all right and title to the COMFORT DENTAL Marks.

46. The actions of Defendants, as alleged above, constitute use in commerce of reproductions, counterfeits, copies or colorable imitations of Plaintiff's registered COMFORT

DENTAL Marks in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of Defendants' goods or services in violation of 15 U.S.C. § 1114.

47. Defendants' actions in continuing to use the "Comfort Dental" name without authorization after receiving actual notice of Plaintiff's rights in the COMFORT DENTAL Marks have been willful.

48. Defendants have been gaining profits by virtue of their infringement of Plaintiff's COMFORT DENTAL Marks.

49. Plaintiff has been sustaining damage as a direct and proximate result of Defendants' infringement of Plaintiff's COMFORT DENTAL Marks.

50. Defendants' infringement of Plaintiff's COMFORT DENTAL Marks has caused and is continuing to cause irreparable harm for which Plaintiff has no adequate remedy at law.

**VI.    SECOND COUNT: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A))**

51. Plaintiff restates and realleges the allegations of paragraphs 1 through 50.

52. Plaintiff is the owner of all right and title to the COMFORT DENTAL Marks.

53. Defendants' actions constitute the use in interstate commerce of a false designation of origin, false or misleading description of fact, or false or misleading representations of fact that are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of the goods and services with Plaintiffs, or as to the origin, sponsorship, or approval of the goods and services provided by Defendants' in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

12

54. Defendants' actions in continuing to use the "Comfort Dental" name without authorization after receiving actual notice of Plaintiff's rights in the COMFORT DENTAL Marks have been willful.

55. Defendants have been gaining profits by virtue of their false designation of origin.

56. Plaintiff has been sustaining damage as a direct and proximate result of Defendants' false designation of origin.

57. Defendants' infringement of Plaintiff's COMFORT DENTAL Marks has caused is continuing to cause irreparable harm for which Plaintiff has no adequate remedy at law.

## VII. THIRD COUNT: DECEPTIVE TRADE PRACTICES (OHIO REV. CODE § 4165.02)

58. Plaintiff restates and realleges the allegations of paragraphs 1 through 57.

59. Through the activities described above, Defendants have violated the Ohio Uniform Deceptive Trade Practices Act, Ohio Rev. Code § 4165.02 by (a) passing off their services as those of Plaintiff; (b) causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of services, and (c) causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff.

60. Upon information and belief, Defendants' alleged acts constituting deceptive trade practices under Section 4165.02 have been committed with the intent to cause confusion and mistake and to deceive.

61. Plaintiff has been sustaining damages as a direct and proximate result of Defendants' unlawful actions.

62. Defendants' conduct and acts as alleged above, have caused and are continuing to cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## VIII. FOURTH COUNT: BREACH OF CONTRACT

63. Plaintiff restates and realleges the allegations of paragraphs 1 through 62.

64. The Settlement Agreement is a valid contract between Plaintiff and Defendants.

65. Defendants materially breached the Settlement Agreement by breaching their obligations under Paragraphs 1, 2, and 5 of the Settlement Agreement.

66. Plaintiff has been sustaining damage as a direct and proximate result of Defendants' breaches.

67. Defendants' conduct and acts as alleged above, has caused and will continue to cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

68. Defendants' breaches of the Settlement Agreement entitles Plaintiff to an award of its reasonable attorney's fees and costs, as provided in Paragraph 10 of the Settlement Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

A. That Defendants, their respective principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, attorneys and representatives and all of those in privity with or acting under the direction or control of any of them, be preliminarily and permanently enjoined and restrained from:

1. Using any of the COMFORT DENTAL Marks or any term, mark or symbol confusingly similar to any of them (including without limitation "Mason Comfort Dental", "Comfort Dental Mason", "Comfort Dental", and "masoncomfortdental.com") in connection with the advertisement,

        promotion, distribution, offering for sale or selling of any dental services or any goods or services related to dental services;

    2. Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff or any authorized user of the COMFORT DENTAL Marks and Defendants are one and the same or are in some way connected or that Plaintiff is a sponsor of Defendants or that the services of Defendants originate with Plaintiff or any authorized user of the COMFORT DENTAL Marks.

B. That Defendants be required to file with the Court and serve on Plaintiff a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief.

C. That Defendants, their respective principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, attorneys and representatives and all of those in privity with or acting under the direction or control of any of them be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, packaging, and any other materials bearing the infringing marks together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

D. That Defendants be ordered to disgorge all profits attributable to its infringement of the COMFORT DENTAL Marks, in an amount to be determined at trial, and that such amount be trebled;

15

E. That Plaintiff be awarded all damages caused by Defendants' infringement;

F. That Plaintiff recover its reasonable attorney's fees and costs under the Settlement Agreement.

G. That Plaintiff recover its reasonable attorney's fees and costs under 15 U.S.C. § 1117, as this case is exceptional, and under Ohio Rev. Code § 4165.03; and

H. That Plaintiff be granted such other and further relief as this Court shall deem, just, lawful or equitable.

DATED: March 14, 2022                    Respectfully submitted,

*/s/ Jesse R. Lipcius*
Jesse R. Lipcius (0078274)
Jason A. Snyder (0090267)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 698-5032
(513) 698-5033 (fax)
jlipcius@ulmer.com
Trial Attorneys for Plaintiff
RAK Trademarks, LLC

and

Marc C. Levy (*pro hac vice to be filed*)
Thomas A. Shewmake (*pro hac vice to be filed*)
Seed IP Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104-7092
Telephone: 206-622-4900
Facsimile: 206-682-6031
E-mail: MarcL@SeedIP.com
E-mail: TomShewmake@SeedIP.com

Attorneys for Plaintiff
RAK Trademarks, LLC

## JURY TRIAL DEMAND

A jury trial is requested.

*/s/ Jesse R. Lipcius*
Jesse R. Lipcius (0078274)

Ulmer2020:200564442v1
42530.00000