**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| RAK TRADEMARKS, LLC, | : | Case No. 1:22-cv-137 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| COMFORT DENTAL MASON, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

### ORDER AND OPINION

---

This case is before the Court on Plaintiff's Motion for Entry of Default Judgment (Doc. 11) and Plaintiff's Motion to Set Status Conference (Doc. 12). After Defendants failed to timely respond to the Complaint or appear in this matter, Plaintiff applied for an entry of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 9.) The Clerk of Court properly docketed an entry of default against Defendants on April 22, 2022. (Doc. 10.) Plaintiff thereafter moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 11.) Defendants failed to timely file a memorandum in opposition, as required by Local Rule 7.2(a)(2). S. D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the reasons stated below, Plaintiff's Motion for Entry of Default Judgment (Doc. 11) is **GRANTED IN PART** and Plaintiff's Motion to Set Status Conference (Doc. 12) is **DENIED**.

## FACTS

Plaintiff RAK Trademarks, LLC is the owner of a family of trademarks containing or comprising the words "Comfort Dental" for various dental-related services ("Comfort Dental Marks"). (Compl., Doc. 1, ¶ 10.) The family of Comfort Dental Marks includes:

| Mark | Reg. No. | Services | Filing Date | Reg. Date |
|---|---|---|---|---|
| COMFORT DENTAL BRACES | 3,135,569 | Orthodontic services | 08/25/2005 | 08/29/2006 |
| COMFORT DENTAL and design | 3,421,650 | Dentistry | 04/16/2007 | 05/06/2008 |
| COMFORT DENTAL JUNIOR STARTING LINEUP | 3,504,110 | Entertainment services, namely, conducting contests for children to attend professional sport games and to take the field at professional sport games | 10/29/2007 | 9/23/2008 |
| COMFORT DENTAL GOLD PLAN | 3,560,958 | Administration of preferred provider plans in the field of dentistry | 06/09/2008 | 01/13/2009 |
| COMFORT DENTAL | 3,560,959 | Franchise services, namely, offering business management assistance in the establishment and operation of dentistry offices; administration of preferred provider plans in the field of dentistry; dentist services; dentistry; orthodontic services. | 06/09/2008 | 01/13/2009 |
| COMFORT DENTAL and design | 3,560,957 | Franchise services, namely, offering business management assistance in the establishment and operation of dentistry offices; dental hygienist services; dentist services, | 06/09/2008 | 10/13/2009 |

2

| | | dentistry; orthodontic services. | | |
|---|---|---|---|---|
| COMFORT DENTAL and design | 1,882,660 | General dentistry services | 02/07/1994 | 03/07/1995 (cancelled 12/10/2005) |

(*Id.*) Apart from Reg. No. 1,882,660, the Comfort Dental Marks are all valid, subsisting, and not cancelled. (*Id.* at ¶ 11.)

Plaintiff has used the Comfort Dental Marks since 1991. (Compl., Doc. 1, ¶ 13.) Licensees of the Comfort Dental Marks offer dental services in over 100 locations across the country. (*Id.* at ¶ 14.) Specifically, the Comfort Dental Marks are employed in eighteen different locations in Ohio—including Hamilton, Ohio. (*Id.* at ¶¶ 14-15.)

Defendants Comfort Dental Mason, LLC and Hamid Reza Madani, DMD operate a single dentist office in Mason, Ohio under the name "Comfort Dental Mason." (Compl., Doc. 1, ¶ 17.) Defendants offer dental services that Plaintiff alleges are "the same or substantially similar to the services offered and registered by Plaintiff under its [Comfort Dental Marks]." (*Id.* at ¶ 19.) Defendants further operate a website under the domain name masoncomfortdental.com, which advertises Defendants' business and dental services. (*Id.* at ¶ 20.) Defendants also employ the "Comfort Dental Mason" name in advertising on their website, social media, and other outlets. (*Id.* at ¶ 29.)

In 2015, Madani contacted Plaintiff's affiliated entity, Comfort Dental Group, Inc., to inquire whether they would be interested in purchasing Madani's dental practice due, at least in part, to Madani's existing use of the "Comfort Dental" name. (Compl., Doc. 1, ¶ 21.) A representative of Comfort Dental Group responded to Madani, informing him that they were not interested in purchasing his practice. (*Id.* at ¶ 21.) The representative

further notified Madani that his use of the "Comfort Dental" name was unauthorized and requested from Madani "a plan to change his name." (*Id*. at ¶ 22.) Madani did not respond to the representative, but would send a similar inquiry to Comfort Dental Group again in 2016. (*Id*. at ¶ 23.) A representative from Comfort Dental Group would again respond to Madani, rejecting his offer and notifying him that Comfort Dental Group was expanding into Ohio. (*Id*.) The representative additionally offered to provide information to Madani about how to become an authorized licensee of the Comfort Dental Marks. (*Id*.) Again, Madani did not respond to the representative. (*Id*.)

In 2017, Counsel for Plaintiff and Comfort Dental Group sent a letter to Madani informing him that his use of the "Comfort Dental" name was unauthorized and constituted infringement of the Comfort Dental Marks. (Compl., Doc. 1, ¶ 24.) The letter further demanded that Madani cease and desist from any further use of the Comfort Dental Marks or any substantially similar names. (*Id*.) Once again, Madani did not respond. (*Id*.)

On July 21, 2017, Plaintiff filed a civil action against Defendants in this Court entitled *RAK Trademarks, LLC v. Comfort Dental Mason, LLC, et al.*, 1:17-cv-500 (S.D. Ohio) ("First Action"). (Compl., Doc. 1, ¶ 25.) While the First Action was pending, Plaintiff and Defendants entered into a Settlement Agreement ("Agreement") governed by Colorado law. (Settlement Agreement, Doc. 1-1, Pg. ID 23.) Under Paragraph 1 of the Agreement, Defendants were required to cease all use of the Comfort Dental Marks and "any other name including the word 'comfort' or any 'comfort-' variant word . . . and any other word, name, symbol, or device (or any combination thereof) that [was] confusingly

4

similar to or a colorable imitation of the [Comfort Dental Marks] in connection with any dental related services or dental related goods" by May 1, 2018. (*Id.* at Pg. ID 20.) Under Paragraph 2 of the Agreement, Defendants were required to provide Plaintiff with written certification of compliance with their obligations under Paragraph 1. (*Id.*) Under Paragraph 5 of the Agreement, Defendants were prohibited from using the name "Comfort Dental" either as a trade name or as a mark in connection with the offering of any goods or services. (*Id.* at Pg. ID 21.) Lastly, under Paragraph 7 of the Agreement, the parties agreed to dismiss the First Action without prejudice. (*Id.*) Pursuant to the Agreement, in the event of any action between the parties relating to the Agreement, the prevailing party is entitled to recovery reasonable attorneys' fees and costs incurred. (*Id.* at Pg. ID 22.)

After the Agreement was executed, Plaintiff dismissed the lawsuit without prejudice. (Compl., Doc. 1, ¶ 27.) In contrast, Defendants have allegedly failed to comply with Paragraphs 1, 2, and 5 of the Agreement. (*Id.* at ¶¶ 29-33.) Plaintiff alleges that Defendants continue to use the "Comfort Dental" name in their business and advertising, including on their website and on social media sites. (Id. at ¶¶ 29, 31, 33.) Plaintiff provided notice to Defendants of these breaches of the Agreement on February 25, 2022. (*Id.* at ¶ 34.) Nonetheless, Defendants have continued their unauthorized use of the Comfort Dental Marks. (*Id.* at ¶¶ 34-38.)

As a result of Defendants' unauthorized use, Plaintiff alleges that it has experienced substantial harm and actual consumer confusion. (Compl., Doc. 1, ¶¶ 39-43.) Specifically, Defendants' unauthorized use has caused "harm to the goodwill of

Plaintiff's [Comfort Dental Marks], the ability of those marks to serve as source indicators for the services offered under them, and Plaintiff's ability to control the use of these marks so that they may function as source identifiers." (*Id*. at ¶ 39.) Additionally, such use of the Comfort Dental Marks by Defendants has caused consumer confusion and "is [] unjustly increasing the profits of Defendants' dental business to the detriment of Plaintiff and at no cost to Defendants." (*Id*. at ¶ 43.)

Plaintiff filed this action on March 14, 2022. (*See* Compl., Doc. 1.) Defendants were served with the Summons and Complaint on March 30, 2022. (*See* Summons Returned Executed, Docs. 7, 8.) Defendants failed to answer or otherwise respond to the Complaint within the time required by the Federal Rules of Civil Procedure. (*See* Application for Entry of Default, Doc. 9.) The Clerk, therefore, entered default against Defendants on April 22, 2022. (*See* Entry of Default, Doc. 10.) Plaintiff now seeks a default judgment by the Court against Defendants. (Motion for Entry of Default, Doc. 11.)

## LAW

Federal Rule of Civil Procedure 55 provides for default judgments. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default. *Id*. Next, the plaintiff must apply to the court for a default judgment, except in cases where the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b).

Once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those related to damages. *Boost*

*Worldwide, Inc. v. Cell Station Wireless, Inc.*, No. 2:13-cv-490, 2014 WL 47977, at *3-4 (S.D. Ohio Jan. 7, 2014) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)). Nevertheless, a court deciding whether to grant a motion for a default judgment must still satisfy itself that the facts in the complaint state a claim for relief against the defendant. *Kuhlman v. McDonnel*, No. 1:20-cv-510, 2022 U.S. Dist. LEXIS 23846, at *4 (S.D. Ohio Feb. 10, 2022) (citation omitted). "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Wright & Miller Fed. Prac. & Proc. Civ. § 2685 (3d ed. 2013).

## ANALYSIS

In its motion, Plaintiff seeks an order: (1) entering default judgment against Defendants on all claims asserted in its Complaint, (2) finding that Defendants' infringement of the Comfort Dental Marks was willful, (3) enjoining Defendants from continuing to infringe upon the Comfort Dental Marks, and (4) finding that Plaintiff is entitled to attorneys' fees and costs. (Motion for Default Judgment, Doc. 11.) The Court will take each issue in turn.

### I.   Comfort Dental Marks Usage Claims

Plaintiff's first three claims are each related to Defendants' continued use of the Comfort Dental Marks. Plaintiff alleges that Defendants engaged in federal trademark infringement and federal unfair competition in violation of the Lanham Act. (*See* Compl., Doc. 1.) Plaintiff additionally alleges that Defendants engaged in deceptive trade practices in violation of the Ohio Uniform Deceptive Trade Practices Act, O.R.C. § 4165.02

7

("OUDTPA"). (*Id.*)

To establish liability for infringement of a federally registered trademark in violation of the Lanham Act, a party must show that: (1) it owns a trademark, (2) the infringer used the mark in commerce without authorization, and (3) the use of the alleged infringing trademark "is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Cardinal Servs. v. Cardinal Staffing Sols., Inc.*, No. 2:19-cv-1743, 2019 WL 6521957, at *4 (S.D. Ohio Dec. 4, 2019) (quoting *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 502 (6th Cir. 2013)). Similarly, to establish liability for unfair competition under the Lanham Act, a party must show: "(1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Topnotch Innovations, LLC v. Dean*, No. 2:20-cv-1384, 2020 WL 6115008, at *5 (S.D. Ohio July 28, 2020) (quotations omitted).

Because the analyses are so similar, "the Sixth Circuit uses the same test to decide whether there has been trademark infringement, unfair competition, or false designation of origin: the likelihood of confusion between the two marks." *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) (citing *Two Pesos v. Taco Cabana*, 505 U.S. 763, 780 (1992)). Additionally, this Court must apply the same analysis outlined above to the OUDTPA claim. *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 724 n. 8 (S.D. Ohio 2002) ("The Court notes the same analysis applies to [federal] trademark infringement, unfair competition, Ohio common law, and Ohio's deceptive trade practices statutes.").

When evaluating the likelihood of confusion, the Court considers and balances the

following factors: (1) the strength of the plaintiff's mark, (2) the relatedness of the goods, (3) the similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) likely degree of purchaser care, (7) the defendant's intent in selecting the mark, and (8) likelihood of expansion of the product lines. *AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 792-93 (6th Cir. 2004). "These factors imply no mathematical precision, but are simply a guide to help determine whether confusion is likely." *Homeowners Group, Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1107 (6th Cir. 1991). "Each case presents its own complex set of circumstances and not all of these factors may be particularly helpful in any given case." *Id.* "The ultimate question remains whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way." *Id.*

In the Complaint, Plaintiff alleges that it has trademark rights to multiple, valid, and registered trademarks that contain or comprise the words "Comfort Dental." (Compl., Doc. 1, ¶¶ 10-11.) In 2015, Defendants intentionally used the Comfort Dental Marks without Plaintiff's authorization. (*Id.* at ¶ 21.) Such unauthorized use by Defendants creates a strong likelihood of consumer confusion—as both entities engage in the same services in nearby locations. (*Id.* at ¶¶ 14-17.) Plaintiff additionally alleges that such unauthorized use has caused actual consumer confusion. (*Id.* at ¶ 43.)

Deeming these allegations as admitted, the Court finds that Plaintiff has established that Defendants infringed on the Comfort Dental Marks. The Court also finds that Defendants' acts constitute unfair competition in violation of the Lanham Act. Plaintiff's third claim for deceptive trade practices under Ohio state law is also satisfied,

as that claim is "considered encompassed by the federal trademark infringement analysis." *Cardinal Servs.*, 2019 WL 6521957, at * 5 (quoting *Victoria's Secret*, 194 F. Supp. 2d at 724 n.8).

Therefore, Plaintiff is entitled to an entry of default judgment on its trademark claims.

## II. Breach of Contract Claim

Plaintiff additionally alleges that Defendants are liable for breach of contract. (*See* Compl., Doc. 1.) Here, the Agreement is governed by Colorado law. A federal court exercising supplemental jurisdiction must apply the choice-of-law rules of the state in which it sits. *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999). Under Ohio law, contractual choice-of-law provisions are valid and enforceable. *See Schulke Radio Prod. Ltd. V. Midwestern Broad. Co.*, 453 N.E.2d 683, 686 (Ohio 1983). To establish a claim for breach of contract under Colorado law, a plaintiff must establish: (1) the existence of a contract, (2) performance by the party asserting a breach of contract or some justification for nonperformance, (3) failure to perform by the party against whom the breach is asserted, and (4) damage to the party asserting the breach. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

The Agreement between the parties became effective in 2018. (Settlement Agreement, Doc. 1-1.) Plaintiff fully performed under the Agreement by filing a stipulation of dismissal of the First Action. (Compl., Doc. 1, ¶ 27.) Defendants, in contrast, have allegedly failed to perform under the Agreement. (*Id.* at ¶¶ 29-33.) Specifically, Defendants failed to (1) cease all use of the "Comfort Dental" name and similar names,

10

in violation of Paragraph 1 of the Agreement, (2) provide written confirmation of the end of its use, in violation of Paragraph 2 of the Agreement, and (3) comply with the prohibition against using the name "Comfort Dental" as either a trade name or trademark in connection with the offering of any goods or services, in violation of Paragraph 5 of the Agreement. (*Id*.) Plaintiff notified Defendants of such failure to perform, as well as providing them with an opportunity to cure the defect. (*Id*. at ¶¶ 34-38.) Defendants failed to respond. (*Id*.) As a result of such breach, Plaintiff has suffered damages relating to harm to the goodwill of Plaintiff's Comfort Dental Marks, the inability of these marks to serve as source indicators for the services offered under them, and Plaintiff's ability to control the use of the marks. (*Id*. at ¶¶ 39-43.)

Deeming these allegations as admitted, the Court finds that Plaintiff has established that Defendants are liable for breach of contract. Thus, Plaintiff is entitled to an entry of default judgment on the breach of contract claim.

## III. Willfulness

Plaintiff maintains that Defendants willfully infringed Plaintiff's trademark. "Under the Lanham Act, infringement is willful if the defendants had knowledge that its actions constitute an infringement." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007) (quotations omitted). A defendant's continued infringement after notice of his wrongdoing is probative evidence of willfulness. *Id*. In addition, a court may infer willfulness from a defendant's default. *Id*.

Plaintiff notified Defendants that their use of the "Comfort Dental" name was unauthorized as early as 2015. (Compl., Doc. 1, ¶¶ 21-23.) In 2017, Plaintiff filed a lawsuit

against Defendants alleging trademark infringement based on the unauthorized use. (*Id.* at ¶ 25.) Such litigation only ended when the parties entered into the Agreement, wherein Defendants agreed to end their use of the Comfort Dental Marks. (*See* Settlement Agreement, Doc. 1-1.) Defendants failed to comply with the terms of the Agreement. (Compl., Doc. 1, ¶¶ 29-33.) Plaintiff notified Defendants in 2022 that their continued use of the Comfort Dental Marks was unauthorized and demanded that Defendants ceased use of such marks. (*Id.* at ¶ 34.) Thus, Defendants have knowingly continued their use of the Comfort Dental Marks. (*Id.* at ¶¶ 34-38.)

Therefore, the Court finds that Defendants' violations of the Lanham Act was and continues to be willful.

## IV. Injunctive Relief

Based on Defendants' violation of the Lanham Act, the OUDTPA, and the Agreement, Plaintiff requests that this Court enter a permanent injunction enjoining the Defendant from further infringement of the Comfort Dental Marks. (Compl., Doc. 1, Pg. ID 14-15.) Courts may issue permanent injunctions "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent violations of the Lanham Act. 15 U.S.C. § 1116(a). A plaintiff seeking a permanent injunction must demonstrate the following: (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) "considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted;" and (4) it is in the public's interest to issue the injunction. *Audi AG v. D 'Amato*, 469 F.3d 534, 550 (6th Cir. 2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district

12

court." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The first factor "is established in trademark cases by showing that the defendant's use of a trademark is likely to cause confusion." *Cardinal Servs.*, 2019 WL 6521957, at *6 (citing *Wynn Oil Co. v. American Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991)). As outlined above, Defendants' use of the Comfort Dental Marks is likely to cause confusion among consumers. Moreover, the Sixth Circuit has held "that no particular finding of likelihood of entry or irreparable harm is necessary for injunctive relief in trademark infringement or unfair competition cases." *Microsoft Corp*, 490 F. Supp. 2d at 882 (citing *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1056 (6th Cir. 1999)). Therefore, the first factor weighs in favor of a permanent injunction.

As to the second factor, there is no adequate remedy at law where there is a potential future harm from infringement. *Microsoft Corp*, 490 F. Supp. 2d at 883. Here, there is potential for future harm from infringement. As previously discussed, Defendants have continued to infringe on the Comfort Dental Marks despite their explicit agreement to cease use of the marks. (Settlement Agreement, Doc. 1-1, Pg. ID 20.) "Moreover, because of Defendant[s'] use of a website to carry out its infringing activities, the potential harm is widespread." *Microsoft Corp.*, 490 F. Supp. 2d at 882. Therefore, the second factor weighs heavily in favor of a permanent injunction.

The third factor, the balance of hardships, clearly weighs in favor of a permanent injunction. Defendants will experience no harm if a permanent injunction is enforced because "an injunction will merely require Defendant[s] to comply with the . . . Lanham Act." *Microsoft Corp.*, 490 F. Supp. 2d at 833 (citing *Audi*, 469 F.3d at 550). In contrast,

13

Plaintiff faces extensive hardships from Defendants' actions, including a loss of goodwill towards the Comfort Dental Marks, an inability to use the Comfort Dental Marks as source indicators, and diminished control generally over the Comfort Dental Marks. (Compl., Doc. 1, ¶¶ 39-43.) Therefore, the third factor weighs in favor of a permanent injunction.

Finally, the issuance of a permanent injunction in this case is in the public interest. *See Cardinal Servs.*, 2019 WL 6521957, at *7. Trademark enforcement and prevention of customer confusion are inherently in the public interest. *Id.* (citing *Park'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985)). This is because a permanent injunction in cases involving the Lanham Act serves "two fundamental purposes of trademark law: preventing consumer confusion and deception in the marketplace and protecting the trademark holder's property interest in the mark." *Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 383 (6th Cir. 2006). Therefore, the fourth factor weighs in favor of a permanent injunction.

In light of the foregoing analysis, the Court shall issue a permanent injunction restraining Defendants from their continued infringement of the Comfort Dental Marks.

**V.    Plaintiff's Proposed Permanent Injunction**

The Court will adopt a majority of the Plaintiff's Proposed Permanent Injunction. However, the Court will not implement Plaintiff's request that this Court "order the U.S. Marshal or other law enforcement entity to assist with the enforcement of the requested permanent injunction, in the event that Defendants fail to comply with some or all requirements of the injunction within the permitted timeframe." (Motion for Default

Judgment, Doc. 11, Pg. ID 86.) Rather, the Court will direct Madani to file a written report with the Court detailing his compliance with the permanent injunction within 30 days of it being issued. Madani's failure to comply with the Court's Order may result in the imposition of sanctions, including a finding of contempt.

## VI. Attorneys' Fees and Costs

The Lanham Act authorizes this Court to award reasonable attorneys' fees and costs in exceptional cases. 15 U.S.C. § 117(a). "Such an award is available in trademark infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." *Microsoft Corp*, 490 F. Supp. 2d at 883. Similarly, the Agreement awards reasonable attorneys' fees and costs to the prevailing party in the event of an action related to the Agreement. (Settlement Agreement, Doc. 1-1, Pg. ID 22.) Lastly, the OUDTPA permits the prevailing party to recover reasonable attorneys' fees in certain circumstances. O.R.C. § 4165.03(B).

At this juncture, the Court will refrain from determining whether Plaintiff is entitled to attorneys' fees and costs. Plaintiff shall submit a supplemental memorandum, within 30 days of this Order, providing support for why Plaintiff is entitled to attorneys' fees and costs, a breakdown of the attorneys' fees and costs incurred in this case, as well as analysis for why such fees are reasonable. Following such submission, the Court will adjudicate the merits of Plaintiff's request for attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Default Judgment (Doc. 11) is **GRANTED IN PART** and Plaintiff's Motion to Set Status Conference (Doc. 12) is **DENIED**. The Court hereby **ORDERS, ADJUDGES, and DECREES** that:

1. Defendants have infringed on Plaintiff's federally registered trademarks under 15 U.S.C. § 1114, infringed and committed acts of unfair competition in violation of Plaintiff's common law trademark rights under 15 U.S.C. § 1125(a), committed acts of Deceptive Trade Practices under Ohio Law in violation of Plaintiff's common law service mark rights under Ohio Revised Code Chapter 4165, and breached the Settlement Agreement.

2. Defendants' infringement is willful.

3. Defendants are **PERMANENTLY RESTRAINED and ENJOINED** from:

   a. Using any of the Comfort Dental Marks or any term, mark or symbol confusingly similar to any of them (including without limitation "Mason Comfort Dental," "Comfort Dental Mason," "Comfort Dental," "masoncomfortdental.com," and any trade name or mark incorporating the terms "Comfort Dental") in connection with the advertisement, promotion, distribution, offering for sale, or selling of any dental services or any goods or services related to dental services; and

   b. Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to

16

deceive or otherwise mislead the trade or public into believing that Plaintiff or any authorized user of the Comfort Dental Marks and Defendants are one and the same or are in some way connected or that Plaintiff is a sponsor of Defendants or that the services of Defendants originate with Plaintiff or any authorized user of the Comfort Dental Marks.

4. Defendants **SHALL**:

   a. Deliver up for destruction all advertising, promotional materials, point of sale materials, labels, packaging, signage, and any other materials bearing the infringing marks together with all artwork, plates, molds, matrices, and other means and materials for making and reproducing the same;

   b. Notify all customers, vendors, salespeople, employees, and authorized agents of this Judgment; and

   c. Take corrective action as is or might become necessary to prevent and remedy the trade or public from deriving the impression that any service or product of Defendants is authorized, affiliated with, or related to Plaintiff, Plaintiff's trademarks, or goods or services offered by Plaintiff.

5. Defendants **SHALL**:

   a. Immediately and permanently disable, suspend, and cease operation of the website at masoncomfortdental.com domain name;

17

b. Immediately terminate the registration of the domain name masoncomfortdental.com and any other domain name that includes the word "comfort" or any "comfort-" variant word or any other domain name that is confusingly similar to or a colorable imitation of the Comfort Dental Marks;

c. Refrain from registering or renewing the domain name masoncomfortdental.com and from registering in the future any other domain name including the word 'comfort' or any 'comfort-' variant word or any other domain name that is confusingly similar to or a colorable imitation of the Comfort Dental Marks;

d. Immediately and permanently terminate, deactivate, or cancel each and every website, social media account, and web page controlled, operated, or managed by Defendants (1) that incorporates, either in its title or in its domain name, the word "comfort" (or any "comfort-" variant word) and the word "dental" (or any "dental-" variant word); or (2) that incorporates a title or domain name that is confusingly similar to or a colorable imitation of the Comfort Dental Marks, including but not limited to Defendants' "comfortdentalmason" Facebook account and Facebook page at https://m.facebook.com/comfortdentalmason/?ref=page_internal &mt_nav=0 and Defendants' "comfortdentalmason" Yelp account and Yelp page at https://www.yelp.com/biz/comfort-dental-

mason; and

    e.   Immediately and permanently remove from each and every domain name, website, social media account, and web page controlled, operated, or managed by Defendants, which are not required to be terminated, deactivated, or cancelled under Paragraph 5(d) above, all uses of the infringing marks and all uses of the Comfort Dental Marks or any term, mark, or symbol that is confusingly similar to or a colorable imitation of any of them (including without limitation "Mason Comfort Dental," "Comfort Dental Mason," "Comfort Dental," and "masoncomfortdental.com").

6.   Defendant Madani **SHALL** file a written report with the Court detailing his compliance with this Order within 30 days of this Order being issued. Failure to comply with this Order may result in the imposition of sanctions, including a finding of contempt.

7.   Within 30 days of the date of this Order, Plaintiff **SHALL FILE** a supplemental motion for attorneys' fees and costs detailing the amounts of attorneys' fees and costs requested by Plaintiff. The Court will defer determination of Plaintiff's request for attorneys' fees and costs pending such motion.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND