IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| RAK TRADEMARKS, LLC, | : | Case No. 1:22-cv-137 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| COMFORT DENTAL MASON, LLC, *et al.*, | : | |
| Defendants. | : | |

---

### ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS (Doc. 15)

---

This matter is before the Court on Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Doc. 15). Defendants failed to timely respond to the motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Doc. 15) and **AWARDS** Plaintiff attorneys' fees and costs.

### BACKGROUND

Plaintiff filed this action on March 14, 2022. (*See* Compl., Doc. 1.) In the Complaint, Plaintiff alleged that Defendants (1) engaged in federal trademark infringement and federal unfair competition in violation of the Lanham Act, (2) engaged in deceptive trade practices in violation of the Ohio Uniform Deceptive Trade Practices Act, and (3) breached the parties' Settlement Agreement. (*Id.*)

After Defendants failed to timely respond to the Complaint (Doc. 1) or appear in

this matter, Plaintiff applied for an entry of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Application to Clerk, Doc. 9.) The Clerk properly entered default against Defendants on April 22, 2022. (Entry of Default, Doc. 10.) Plaintiff thereafter moved for default judgment against both Defendants (Motion for Default Judgment, Doc. 11), which the Court granted on February 3, 2023. (*See* Order and Opinion, Doc. 13.) Additionally, in that Order, the Court instructed Plaintiff to file a supplemental motion detailing its request for attorneys' fees and costs. (*Id*. at Pg. ID 121.) On February 28, 2023, Plaintiff filed the instant motion, seeking an award of $22,101.00 in attorneys' fees and $875.54 in costs. (*See* Motion for Award, Doc. 15.)

## LAW & ANAYLSIS

A default judgment on well-pleaded allegations "establishes only liability and the plaintiff must still establish the extent of the damages." *Brown v. Halsted Fin. Servs., LLC*, No. 3:12-cv-308, 2013 U.S. Dist. LEXIS 26144, at *2 (S.D. Ohio Feb. 26, 2013) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). While unanswered allegations may result in liability, the Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June 23, 2010). To do so, the Federal Rules of Civil Procedure "require the party moving for a default judgment [to] present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010). "Although the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary

evidence or detailed affidavits and can be ascertained on the record before the court." *Joe Hand Promotions, Inc. v. RPM Management Co. LLC*, No. 2:11-cv-377, 2011 U.S. Dist. LEXIS 129260, at *1 (S.D. Ohio Nov. 7, 2011) (citation omitted). As detailed below, Plaintiff has successfully demonstrated that it qualifies for recovery.

## I. Attorneys' Fees

Plaintiff requests attorneys' fees in the amount of $22,101.00. The Lanham Act permits an award of "reasonable attorney fees to the prevailing party" in exceptional cases. 15 U.S.C. § 1117(a). Exceptional cases are those where the acts of infringement can be characterized as "malicious, fraudulent, willful, or deliberate." *Johnson v. Jones*, 149 F.3d 494, 503 (6th Cir. 1998) (quoting *Hindu Incense v. Meadows*, 692 F.2d 1048, 1051 (6th Cir. 1982)). Similarly, the Settlement Agreement awards reasonable attorneys' fees and costs to the prevailing party in the event of an action related to it. (Settlement Agreement, Doc. 1-1, Pg. ID 22.) In the order granting default judgment, this Court found, among other things, that Defendants (1) willfully violated the Lanham Act and (2) breached the Settlement Agreement. (Order and Opinion, Doc. 13, Pg. ID 109-114.) Thus, Plaintiff is entitled to attorneys' fees, so long as they are reasonable.

Courts use the lodestar method to determine an award of reasonable attorneys' fees. *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar amount is "a reasonable hourly rate times a reasonable number of hours worked." *Brown*, 2013 U.S. Dist. LEXIS 26144, at *6 (citing *Imwalle*, 515 F.3d at 551). "The key requirement for an award of attorney's fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine

3

with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Inwalle*, 515 F.3d at 553. "[T]he district court is required to give a clear explanation" for its award calculation. *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004).

### a. Reasonable Hourly Rate

The Court has broad discretion in determining what constitutes a reasonable hourly rate. *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). The reasonable hourly rate is generally the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is the rate that lawyers of comparable skill and experience can reasonably expect to command in the venue of the court of record. *Geer v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Courts may also look to other markets, such as a national market, an area of specialization, or any other appropriate market for a prevailing market rate. *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

Here, Plaintiff seeks $600.00 per hour for a senior partner with twenty-eight years of experience, $435.00 per hour for a partner with nineteen years of experience, $300.00 per hour for a partner with seven years of experience, and $305.00 and $320.00 per hour for an associate with eleven years of experience. (Motion for Award, Doc. 15, Pg. ID 194.) Plaintiff's counsel justifies its rates by arguing that they are consistent with other intellectual property and commercial lawyers, in the states that they are located, with comparable years of experience. (*Id.* at Pg. ID 195-197.) The Court finds Plaintiff's argument persuasive, as other courts in this circuit have approved similar rates in similar

4

cases. *See, e.g., N. Atl. Operating Co. v. Scott*, No. 16-12076, 2018 U.S. Dist. LEXIS 167515, at *5 (E.D. Mich. Sept. 28, 2018) (finding that a rate of $282.00 for an intellectual property attorney with nine years of experiences and an hourly rate of $450.00 for an intellectual property practicing partner with 26 to 30 years of experience both reasonable). Accordingly, the Court finds Plaintiff's counsel's hourly rates to be reasonable.

### b. Reasonable Number of Hours

When determining the reasonable number of hours worked, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Brown*, 2013 U.S. Dist. LEXIS 26144, at *6 (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)). In addition, "the documentation provided in support of the hours charged must be sufficiently detailed to enable the court to determine, with a high degree of certainty, that such hours were actually and reasonably expended." *Id.* (citing *Bench Billboard Co. v. City of Toledo*, 759 F. Supp. 2d 905, 913 (N.D Ohio 2010)). Where the documentation is inadequate, a court may reduce the award accordingly. *Id.*

Here, Plaintiff's counsel billed 54.8 hours. (Motion for Award, Doc. 15, Pg. ID 194.) Counsel submitted an itemized timesheet of the hours billed. (*Id.* at Pg. ID 206-221, 228-256.) The timesheet details actions performed by counsel, such as editing, revising, and reviewing the various motions that have come before this Court. (*Id.*) A reasonable attorney would have believed that these hours needed to be reasonably expended in pursuit of default judgment related to a trademark infringement case. Additionally, the documentation provided in support of the hours expended is sufficiently detailed to

5

support a conclusion that these hours were actually and reasonably expended. (*See id.*) Accordingly, the hours expended by Plaintiff's counsel are reasonable.

### c. The Lodestar Amount

The lodestar method results in a finding that the rates sought by Plaintiff's counsel and hours expended are reasonable. Therefore, Plaintiff is awarded a total of $22,101.00 in attorneys' fees.

## II. Costs

Next, Plaintiff seeks an award of costs in the amount of $875.54. (Motion for Award, Doc. 15, Pg. ID 190.) As noted above, the Settlement Agreement authorizes an award of costs for Plaintiff in this instance. (*See* Settlement Agreement, Doc. 1-1, Pg. ID 22.) In turn, the Court finds costs in the amount of $875.54 to be reasonable and compensable.

## CONCLUSION

The Court finds that Plaintiff has provided adequate documentation to justify its recovery of attorneys' fees and costs. Thus, the Court **ORDERS** the following:

1. Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Doc. 15) is **GRANTED**;
2. Plaintiff is **AWARDED** $22,101.00 in attorney fees;
3. Plaintiff is **AWARDED** $875.54 in costs; and
4. This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF OHIO

                              By: _____
                                         JUDGE MATTHEW W. McFARLAND